■ In the Matter of OLIVIA B. SHOEMAKER, Appellant, v ANGELA P. LONGO et al., Constituting the Board of Elections in Oneida County, et al., Respondents.—Order unanimously reversed on the law without costs, petition granted and designating petition invalidated. Memorandum: Petitioner appeals from an order of Supreme Court dismissing his petition chal-

lenging the validity of the designating petition of respondent David R. Townsend, Jr., for the Conservative party primary election for the office of Assemblyman, 115th Assembly District.

The failure to administer an oath, formal or informal, to the signatories on sheet one of the designating petition invalidates the signatures on that sheet. The record fails to show that the signatories were either sworn or fully informed of the purpose of the designating petition and, thus, there was not substantial compliance with Election Law § 6-132 (3) *(see, Matter of La Mendola v Mahoney,* 49 AD2d 798; *Graber v Mahoney,* 143 AD2d 502, 503, *lv denied* 72 NY2d 805). Further, the unexplained and uninitialed alterations to the statement of the subscribing witness on sheet two also compel invalidation of the signatures on that sheet *(see, Matter of Jonas v Velez,* 65 NY2d 954, 955). That the alterations were made to show the correct information does not remedy the defect *(Matter of Jonas v Velez, supra).* Essential to the integrity of the petition process is the subscribing witness' statement required by Election Law § 6-132, particularly that portion setting forth the total number of signatures on the petition sheet *(Matter of Jonas v Velez, supra).* As a result of the invalidation of the signatures on sheets one and two, the entire designating petition must be invalidated.

In view of our determination, we need not address the other issues raised. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Election Law.) Present—Denman, P. J., Callahan, Boomer, Boehm and Davis, JJ. (Filed Aug. 25, 1992.)